ORIGINAL

# In the United States Court of Federal Claims

No. 14-1241C
(Filed December 14, 2015)
NOT FOR PUBLICATION

FILED

DEC 1 4 2015

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * | |
| THOMAS E. BOWLES III, | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |
| * * * * * * * * * * * * * * * * * * | |

## ORDER

On December 7, 2015, the Clerk's office received from plaintiff another document seemingly requesting reconsideration of the July 31, 2015 decision to dismiss this case for lack of subject-matter jurisdiction. As was explained in the December 2, 2015 Order, motions for reconsideration must be filed within 28 days of the July 31, 2015 Entry of Judgment, *see* Rule 59(b)(2) of the Rules of the United States Court of Federal Claims, and thus this document is untimely and cannot be filed. Moreover, in this most recent paper, Mr. Bowles seems to contend that his filing of a complaint in the district court resulted in an implied contract between himself and the judge assigned to that case. But as discussed in the October 22, 2015 Order denying Mr. Bowles's motion for reconsideration, this cause of action was not in his complaint and thus cannot be the basis for reconsideration. *See Matthews v. United States*, 73 Fed. Cl. 524, 526 (2006). Thus, even if Mr. Bowles's most recent paper were timely filed, the request for reconsideration would still have to be denied. The Clerk is directed to return the document to Mr. Bowles.

IT IS SO ORDERED.

VICTOR J. WOLSKI
Judge